GRANT *v.* BOARD OF WATER COMMISSIONERS OF DETROIT.

MUNICIPAL CORPORATIONS—WATER BOARD—NEGLIGENT LAYING
    OF PIPE—DAMAGE TO PAVEMENT—RIGHTS OF CONTRACTOR.
    A paving contractor who, after completing the paving of a city
        street, was put to expense in remedying depressions therein,
        caused by the settling of the earth around water mains
        laid under the direction of the board of water commis-
        sioners before the paving was begun, cannot recover against
        the board, as the omitted duty to pack the earth in the exca-
        vation was at most a duty owing to the public, and not to
        the individual who might contract to pave the street.

Error to Wayne; Waite, J. Submitted January 10,
1900. Decided February 20, 1900.

Case by Archibald Grant against the board of water
commissioners of the city of Detroit for alleged negligence
in laying water-pipes. From a judgment for defendant
on verdict directed by the court, plaintiff brings error.
Affirmed.

*Edwin F. Conely* and *Orla B. Taylor*, for appellant.

*H. M. & D. B. Duffield*, for appellee.

HOOKER, J. The plaintiff is a paving contractor. On
June 15, 1891, he made a contract with the city of Detroit
whereby he engaged to pave a portion of Jefferson avenue,
and to keep and maintain such pavement in good condition
and repair for five years. About April, 1894, he was noti-
fied by the board of public works that he must repair this
pavement, on account of depressions therein, and he did
so, at an expense of about $535. It is claimed on his
behalf that the depressions were caused by the failure of
the water board to properly fill and settle a trench in
which it laid a water-pipe previous to the time that the

plaintiff laid the pavement, by reason of which the ground settled, allowing the pavement to go down with it.

In the act creating the water board it is provided that:

"They [the commissioners] may at all times enter upon and dig up, with like restrictions as to travel, such street, alley, road, or way, to lay such pipes or construct such aqueducts and other works beneath the surface thereof, and to maintain and repair or renew the same, returning the street, alley, or way to its former condition, so far as may be." Act No. 359, 3 Laws 1873, § 8.

It is contended that a failure to restore the earth to its original condition was a neglect of duty, and that a right of action exists in favor of the plaintiff for the injury which the settling of the ground occasioned him. He accordingly brought this action, and appeals from a verdict of no cause of action directed by the court.

There were no contract relations between the water board and the plaintiff. If, as he contends, he had a right to rely upon the supposition that the street was uniformly solid and would not settle (in other words, if the city were under obligations to furnish him a foundation), he was under no obligations to make repairs made necessary by the defective foundation. On the other hand, it was competent for him to take his own risks in this respect, and apparently he supposed that he did so. The water board was required by law to fill its trench. Perhaps it could have been compelled to do so by the city, if it had omitted this duty. Nothing shows that it did not put back all of the dirt removed, nor does it appear that some of it was not afterwards removed before it had fully settled, either by the city or the contractor himself. It is evident that the complaint made is that the earth was not so packed by the employés of the board that it would not settle. But suppose this be so; this was, at most, a duty owed to the public, to be enforced by the public, and not a wrong perpetrated upon the man who might subsequently make a contract to grade or pave the highway. Counsel cite no case that sustains the plaintiff's conten-

tion, and we have found none. In our opinion, the alleged failure of the water board was not an actionable wrong to the plaintiff.

The judgment is affirmed.

The other Justices concurred.